UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PICTURES WORDS, INC., | Case No. 18-cv-02234-JCS |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| CM SERVICES SALES AND MARKETING GROUP, INC., | Re: Dkt. No. 8 |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff Pictures Words, Inc., doing business as NewMe Fitness ("NewMe"), brings this action under the Copyright Act and the Digital Millennium Copyright Act against Defendant CM Services Sales and Marketing Group, Inc. ("CM"). CM moves to dismiss for improper venue and failure to state a claim. The Court held a hearing on June 29, 2018, at which CM conceded that venue is proper under 28 U.S.C. § 1400(a)—the applicable venue statute, not cited by either party's briefs—and that CM now has sufficient clarity as to the scope of NewMe's claims to adjust its business practices and engage in settlement discussions. The motion to dismiss is DENIED with respect to venue, and DENIED WITHOUT PREJUDICE with respect to the sufficiency of NewMe's factual allegations. CM may file an answer or a renewed motion to dismiss under Rule 12(b)(6) no later than July 30, 2018. Alternatively, NewMe may file an amended complaint more specifically describing the scope of its claims by the same date.[1]

## II.    BACKGROUND

### A.    Allegations of the Complaint

NewMe, which is based in Oakland, California, is the "leading seller of fitness posters on

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

Amazon.com" ("Amazon"), producing posters that demonstrate how to perform different exercises. Compl. (dkt. 1) ¶¶ 1, 4, 9. CM, which is based in Florida, began selling a competing line of "Quick Fit" posters in 2016 or 2017 that NewMe alleges infringe its copyrights. *Id.* ¶¶ 5, 10, 13. NewMe notified CM of the alleged infringement, but CM continued to sell its posters until NewMe submitted a takedown request under the DMCA to Amazon and Amazon provisionally removed its listings for CM's posters. *Id.* ¶¶ 2, 11. CM submitted a counternotice to Amazon under the DMCA asserting that the removal was a "mistake," and as of the filing of NewMe's complaint, NewMe anticipated that Amazon would restore CM's product listings on April 14, 2018, ten days after the date of the counternotice. *Id.* ¶ 2.[2] NewMe brings a claim for infringement under the Copyright Act, *id.* ¶¶ 6, 12–16, and a claim under the DMCA based on alleged misrepresentations in CM's counternotice. *Id.* ¶¶ 17–20.

The portion of NewMe's complaint addressing jurisdiction and venue reads as follows:

> 6. NewMe brings this action under federal copyright law, 17 U.S.C. § 101 *et seq.*, which this Court has jurisdiction over pursuant to 28 U.S.C. §§ 1331 and 1338.

> 7. This Court has personal jurisdiction over CM because, based on information and belief, CM has transacted business in California, committed infringing acts and caused injury to NewMe in California, and expected (or should have expected) its acts to have such consequences in California. Venue therefore lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b).

> 8. A substantial part of the events giving rise to the claims alleged in this Complaint occurred in Oakland, California. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this intellectual property action will be assigned on a district-wide basis.

*Id.* ¶¶ 6–8.

**B.    CM's Motion**

CM moves to dismiss this action for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure, and to dismiss NewMe's infringement claim under Rule 12(b)(6) of the

---

[2] Later in its complaint, NewMe alleges that Amazon's internal policy calls for restoring challenged listings after ten days unless "copyright owners . . . submit proof that they have filed a lawsuit in order to keep contend down following a counternotice." *Id.* ¶ 20. It is not clear from the current record whether Amazon has restored CM's listings.

Federal Rules of Civil Procedure. *See generally* Mot. (dkt. 8).

Noting that NewMe asserted venue under 28 U.S.C. § 1391(b), CM contends that § 1391(b)(1) does not apply because CM is a resident of Florida, not this district, and § 1391(b)(3) does not apply because an alternative venue is available in Florida under § 1391(b)(1). Mot. at 4. Turning to § 1391(b)(2), which allows for venue where "a substantial part of the events or omissions giving rise to the claim occurred," CM asserts that its indirect sales via Amazon to California do not satisfy that statute. *Id.* at 4–5. The portion of CM's motion addressing venue cites no case law. *See id.*

CM submits a declaration by its president and CEO Chris Blackerby, stating that CM only sells the posters at issue through Amazon, that it ships the posters to Amazon warehouses in Florida, Texas, and North Carolina, that CM has not sold or shipped products directly to California, and that products sold via Amazon to customers in California accounted for 14.7% of CM's total sales during the period at issue. *See generally* Blackerby Decl. (dkt. 8-1).

With respect to Rule 12(b)(6), CM argues that NewMe's allegations of copyright infringement are not sufficiently specific to satisfy the pleading standard of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and similar cases, that the poses depicted in the parties' fitness posters are not themselves subject to copyright, and that the posters are not sufficiently similar in their arrangements of those poses to support a claim for infringement of a compilation. *Id.* at 6–8. The portion of CM's motion addressing Rule 12(b)(6) does not address NewMe's claim under the DMCA. *See id.*

## C. NewMe's Opposition

NewMe argues in its opposition brief that this Court is a proper venue for the action under § 1391(b)(2) because the 14.7% of CM's sales shipped to California constitute a substantial part of the activity at issue, and that the Court can exercise specific personal jurisdiction over CM—an issue not raised in CM's motion—based on conduct expressly aimed at the forum. Opp'n (dkt. 12) at 2–4. NewMe relies primary on Judge Westmore's decision in *Mysfyt, Inc. v. Lum*, No. 16-cv-03813-KAW, 2016 WL 6962954 (N.D. Cal. Nov. 29, 2016), which NewMe characterizes as holding that venue was proper pursuant to § 1391(b)(2) under similar circumstances. Opp'n at 3–

4. NewMe also argues that it has plausibly alleged infringement of copyrightable material, and notes that CM's motion does not address NewMe's DMCA claim. *Id.* at 4–8.

### D. CM's Reply

CM again argues in its reply that venue is not proper in this district under § 1391(b)(2) because, in its view, a substantial part of the events at issue did not occur here, contending that *Mysfyt* is distinguishable because twenty percent of the defendants sales in that case went to California customers, as opposed to less than fifteen percent of CM's sales here. *See* Reply (dkt. 13) at 2–3.

CM also argues that NewMe has failed to state a claim because it has not sufficiently alleged similarity between the parties' respective posters, noting that NewMe's opposition brief contains more detail than its complaint. *Id.* at 3–4. In support of its contention that the drawings are generic and any similarity between the drawings necessarily results from depicting the same common exercises, CM presents diagrams of two of its drawings overlaid on photographs of a model performing the exercises, asserting without evidentiary foundation that they depict "the sequence of creation off [sic] Defendant's side plank exercise." *Id.* 4. CM concludes by asserting, without analysis or citation to authority, that "Plaintiff's second cause of action for Material Misrepresentation in DMCA Counternotice is moot if Plaintiff's cause of action for copyright infringement is not plead [sic] properly," and that "[i]f sufficient facts for copyright infringement are not plead [sic] with enough specificity or properly than the issue of DMCA takedown is not relevant." *Id.* at 4–5.

## III. ANALYSIS

### A. Legal Standard for Rule 12(b)(3)

A party may bring a motion to dismiss an action for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Generally, a plaintiff asserting multiple claims must establish that venue is proper as to

4

each claim. *Adobe Sys., Inc. v. Childers*, No. 5:10-cv-03571-JF/HRL, 2011 WL 566812, at *7 (N.D. Cal. Feb. 14, 2011) (citation omitted). "Once a court has determined that venue is proper as to one claim," however, "it may exercise pendent venue to adjudicate closely related claims." *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 753 (N.D. Cal. 2015); *see also Flamingo Indus. (USA) Ltd. v. U.S. Postal Serv.*, 302 F.3d 985, 997–98 (9th Cir. 2002), *rev'd on other grounds*, 540 U.S. 736 (2004). On a motion to dismiss under Rule 12(b)(3), "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted).

### B. Venue is Proper Under 28 U.S.C. § 1400(a)

Both parties' briefing of the issue of venue is grossly inadequate. CM cites no case law whatsoever in support of its arguments that indirect sales cannot establish proper venue and that approximately fifteen percent of allegedly infringing sales occurring in the forum state does not constitute a substantial part of the events giving rise to a copyright claim. *See* Mot. 4–5. NewMe relies primarily on a single case, *Mysfyt, Inc. v. Lum*, which NewMe characterizes as follows:

> Indeed, in another Northern District case before Magistrate Judge Kadis A. Westmore, the court dismissed the exact type of venue argument that CM makes here. In *Mysfyt, Inc. v. Lum*, a prominent Amazon seller filed a lawsuit against a competitor that had copied its product. . . . There, the defendant also moved to dismiss an infringement claim filed against it based on improper venue. That defendant claimed that "only" 888 of the 4,301 allegedly infringing units sold through Amazon.com were shipped to California residents. . . . Judge Westmore dismissed the defendant's argument that those shipments to California residents were insignificant and held that those shipments were more than enough to establish proper venue under 28 U.S.C. § 1391(b)(2).

Opp'n at 3 (citing *Mysfyt, Inc. v. Lum*, No. 16-cv-03813-KAW, 2016 WL 6962954, at *1, 3 (N.D. Cal. Nov. 29, 2016)) (emphasis added). The underlined portions of the passage above are false. As NewMe's counsel Mark Punzalan conceded at the hearing, the *Mysfyt* case involved a motion to dismiss for lack of personal jurisdiction, not improper venue, and Judge Westmore's decision includes neither the word "venue" nor any reference to § 1391. *See generally Mysfyt*, 2016 WL 6962954; *see also* Mot. to Dismiss, *Mysfyt v. Lum*, No. 16-cv-03813-KAW, ECF Doc. No. 17

(N.D. Cal. Oct. 27, 2016) (moving to dismiss only for lack of personal jurisdiction, with no reference to Rule 12(b)(3) or § 1391). In its reply, CM attempts to distinguish *Mysfyt* on the basis that twenty percent of the sales in that case were directed to California, as opposed to only around fifteen percent of CM's sales here, but fails to mention that *Mysfyt* did not address the issue of venue. *See* Reply at 3. It is not clear whether counsel for either party actually read that decision.

Both parties' arguments regarding venue generally pertain to NewMe's copyright infringement claim and address § 1391, which is also the venue statute cited in NewMe's complaint. That statute has no bearing on NewMe's infringement claim. "Section 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply." *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 56 n.2 (2013). Venue for copyright claims is governed by 28 U.S.C. § 1400(a), which provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a); *see also Atl. Marine Constr.*, 571 U.S. at 56 n.2 (identifying § 1400 as an example of a more specific statute that supersedes § 1391 where applicable); *Nu Image, Inc. v. Does 1–23, 322*, 799 F. Supp. 2d 34, 37, 43 (D.D.C. 2011) ("[W]hen copyright infringement is the sole claim being alleged, it is misleading, and arguably disingenuous, to assert that venue may be proper under section 1391(b), the general venue statute, when section 1400(a) is the exclusive venue statute for copyright infringement actions."). "The Ninth Circuit interprets this statutory provision to allow venue in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010).[3]

Stuart West, counsel for CM, acknowledged at the hearing that § 1400(a) applies and conceded that venue is proper under § 1400(a). CM's motion to dismiss for improper venue is

---

[3] Having not addressed § 1400(a) in any way, the parties also have not addressed whether that statute applies to claims under the DMCA. Given the DMCA's purpose of regulating copyrights in the digital realm, the Court holds for the purpose of this order that the DMCA falls within the scope of § 1400(a) as an "Act of Congress relating to copyrights," and that NewMe's claim under the DMCA is subject to the same venue analysis as its claim under the Copyright Act.

therefore frivolous, and is DENIED.

**C.     Motion to Dismiss for Failure to State a Claim**

At the hearing, West also acknowledged that CM now has a sufficient understanding of the scope of NewMe's claims to modify its posters and engage in settlement discussions.  Under these circumstances, it is not clear that there is any need to litigate the sufficiency of NewMe's allegations, and CM's motion to dismiss for failure to state a claim is DENIED without prejudice to refiling.

**IV.     CONCLUSION**

The motion to dismiss is DENIED for the reasons discussed above.  No later than July 30, 2018, CM may file an answer or a renewed motion to dismiss for failure to state a claim, or NewMe may file an amended complaint more specifically describing the scope of its claims.  Both parties are admonished that any further briefing that may be necessary in this case must, for each issue in dispute, either cite applicable case law or include a statement of the party's belief that the issue is one of first impression.

**IT IS SO ORDERED.**

Dated: June 29, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge